IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

MARK VANGRINSVEN,

    Plaintiff,

v.

WHITING PETROLEUM CORPORATION,
KEVIN S. MCCARTHY,
JANET L. CARRIG,
SUSAN M. CUNNINGHAM,
PAUL J. KORUS,
LYNN A. PETERSON,
DANIEL J. RICE, and
ANNE TAYLOR,

    Defendants.

---

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS AND JURY DEMAND**

---

Plaintiff Mark Vangrinsven ("Plaintiff"), by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys.

## NATURE OF THE ACTION

1.    This is an action against Whiting Petroleum Corporation ("Whiting" or the "Company") and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) and 78t(a), and Rule 14a-9 promulgated thereunder by the SEC, 17

1

C.F.R. § 240.14a-9, in connection with the proposed acquisition (the "Proposed Transaction") of Whiting by Oasis Petroleum Inc. ("Oasis").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 14(a) and 20(a) of the Exchange Act (15 U.S.C. §§ 78n(a) and 78t(a)) and Rule 14a-9 promulgated thereunder by the SEC (17 C.F.R. § 240.14a-9).

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the Company is headquartered in this District.

5. In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff is, and has been at all relevant times hereto, an owner of Whiting common stock.

7. Defendant Whiting is an independent oil and gas company that engages in the acquisition, development, and production of crude oil, natural gas, and natural gas liquids primarily in the Rocky Mountains region of the United States. The Company is incorporated in Delaware and its principal executive offices are located in Denver, Colorado. The Company's common stock trades on the New York Stock Exchange under the ticker symbol, "WLL."

8. Defendant Kevin S. McCarthy ("McCarthy") is Chairman of the Board of the Company.

9. Defendant Janet L. Carrig ("Carrig") is a director of the Company.

10. Defendant Susan M. Cunningham ("Cunningham") is a director of the Company.

11. Defendant Paul J. Korus ("Korus") is a director of the Company.

12. Defendant Lynn A. Peterson ("Peterson") is President, Chief Executive Officer, and a director of the Company.

13. Defendant Daniel J. Rice ("Rice") is a director of the Company.

14. Defendant Anne Taylor ("Taylor") is a director of the Company.

15. Defendants McCarthy, Carrig, Cunningham, Korus, Peterson, Rice, and Taylor are collectively referred to herein as the "Individual Defendants."

16. Defendants Whiting and the Individual Defendants are collectively referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A. The Proposed Transaction

17. On March 7, 2022, Whiting and Oasis announced that they had entered into an agreement to combine in a merger transaction. Under the terms of the merger agreement, Whiting shareholders would receive 0.5774 shares of Oasis common stock and $6.25 in cash for each share of Whiting common stock owned. The press release announcing the Proposed Transaction states, in pertinent part:

**CORRECTING and REPLACING Whiting and Oasis to Combine in $6.0 Billion Merger of Equals Transaction**

*Creating a Scaled Unconventional U.S. Oil Producer with a Premier Williston Basin Acreage Position Totaling 972K Net Acres and Combined 4Q21 Production of 167.8 Thousand Boepd*

*Transaction Accretive to Key Per-share Metrics While Maintaining a Strong, Relatively Unlevered Pro Forma Balance Sheet at Close*

*Combined Company to Benefit from Significantly Enhanced Operating Scale and Free Cash Flow; Expect to Deliver Sustainable Dividends and Attractive Returns to Shareholders*

*Transaction Expected to Generate Administrative and Operational Cost Synergies of Approximately $65MM Annually*

*Progressive ESG Profile with Top Tier Gas Capture Track Record in North Dakota*

*Lynn Peterson to Serve as Executive Chair of the Board; Danny Brown to Serve as President and CEO*

*Companies to Host Conference Call Today at 8:30 a.m. ET (7:30 a.m. CT)*

CORRECTION...by Whiting Petroleum Corporation

March 07, 2022 08:35 AM Eastern Standard Time

DENVER & HOUSTON--(BUSINESS WIRE)--The sell-side dial-in phone number for the conference call should read: 1-877-328-5506 (instead of 1-877-382-5506).

The updated release reads:

**WHITING AND OASIS TO COMBINE IN $6.0 BILLION MERGER OF EQUALS TRANSACTION**

*Creating a Scaled Unconventional U.S. Oil Producer with a Premier Williston Basin Acreage Position Totaling 972K Net Acres and Combined 4Q21 Production of 167.8 Thousand Boepd*

*Transaction Accretive to Key Per-share Metrics While Maintaining a Strong, Relatively Unlevered Pro Forma Balance Sheet at Close*

*Combined Company to Benefit from Significantly Enhanced Operating Scale and Free Cash Flow; Expect to Deliver Sustainable Dividends and Attractive Returns to Shareholders*

*Transaction Expected to Generate Administrative and Operational Cost Synergies of Approximately $65MM Annually*

*Progressive ESG Profile with Top Tier Gas Capture Track Record in North Dakota*

*Lynn Peterson to Serve as Executive Chair of the Board; Danny Brown to Serve as President and CEO*

*Companies to Host Conference Call Today at 8:30 a.m. ET (7:30 a.m. CT)*

Whiting Petroleum Corporation (NYSE: WLL) ("Whiting") and Oasis Petroleum Inc. (NASDAQ: OAS) ("Oasis") today announced they have entered into an agreement to combine in a merger of equals transaction. The combined company will have a premier Williston Basin position with top tier assets across approximately 972K net acres, combined production of 167.8 thousand boepd, significant scale and enhanced free cash flow generation to return capital to shareholders.

Under the terms of the agreement, Whiting shareholders will receive 0.5774 shares of Oasis common stock and $6.25 in cash for each share of Whiting common stock owned. In connection with the closing of the transaction, Oasis shareholders will receive a special dividend of $15.00 per share. The combined company will have an enterprise value of ~$6.0B based on the exchange ratio and the closing share prices for Whiting and Oasis as of March 4, 2022. Upon completion of the transaction, Whiting shareholders will own approximately 53% and Oasis shareholders will own approximately 47% of the combined company on a fully diluted basis.

Upon closing, Whiting's President and CEO, Lynn Peterson, will serve as Executive Chair of the Board of Directors of the combined company. Oasis' CEO, Danny Brown, will serve as President and Chief Executive Officer and as a member of the Board. The combined company will be headquartered in Houston upon closing but will retain the Denver office for the foreseeable future. The combined company will operate under a new name and is expected to trade on the NASDAQ under a new ticker to be announced prior to closing.

\*   \*   \*

**Governance and Leadership**

Upon closing, the Board of Directors of the combined company will consist of ten directors, comprising four independent directors from the current Whiting Board, as well as Mr. Peterson, and four independent directors from the current Oasis Board, along with Mr. Brown.

The remainder of the company's leadership team includes Michael Lou, Oasis' CFO, Chip Rimer, Whiting's COO and Scott Regan, Whiting's GC, who will serve in their respective capacities in the combined company.

**Timing and Approvals**

The transaction, which is expected to close in the second half of 2022, has been unanimously approved by the boards of directors of both companies. The closing of the transaction is subject to customary closing conditions, including, among others, approval by Whiting and Oasis shareholders.

**Advisors**

Citi is serving as financial advisor and Kirkland & Ellis LLP is serving as legal advisor to Whiting. Tudor, Pickering, Holt & Co. and RBC Capital Markets LLC are serving as financial advisors and Vinson & Elkins LLP is serving as legal advisor to Oasis.

\*          \*          \*

**About Whiting**

Whiting, a Delaware corporation, is an independent oil and gas company engaged in the development, production and acquisition of crude oil, NGLs and natural gas primarily in the Rocky Mountains region of the United States. The Company's largest projects are in the Bakken and Three Forks plays in North Dakota and Montana. The Company trades publicly under the symbol WLL on the New York Stock Exchange. For further information, please visit http://www.whiting.com.

**About Oasis**

Oasis is an independent exploration and production company with quality and sustainable long-lived assets in the Williston Basin. Oasis is uniquely positioned with a best-in-class balance sheet and is focused on rigorous capital discipline and generating free cash flow by operating efficiently, safely and responsibly to develop its unconventional onshore oil-rich resources in the continental United States. For more information, please visit the Company's website at www.oasispetroleum.com.

18.     On April 28, 2022, Defendants caused to be filed with the SEC a Form S-4 Registration Statement (the "Registration Statement") under the Securities Act of 1933 in

connection with the Proposed Transaction.

### B. The Registration Statement Contains Materially False and Misleading Statements and Omissions

19. The Registration Statement, which recommends that Whiting shareholders vote in favor of the Proposed Transaction, omits and/or misrepresents material information concerning: (i) Whiting's and Oasis' financial projections; (ii) the financial analyses performed by the Company's financial advisor, Citigroup Global Markets Inc. ("Citi"), in connection with its fairness opinion; (iii) potential conflicts of interest involving Citi; (iv) the sales process leading up to the Proposed Transaction; and (v) potential conflicts of interest involving Company insiders.

20. The omission of the material information (referenced below) renders the following sections of the Registration Statement false and misleading, among others: (i) Background of the Merger; (ii) Recommendation of the Whiting Board and Reasons for the Merger; (iii) Opinion of Whiting's Financial Advisor; and (iv) Certain Unaudited Prospective Financial and Operating Information.

21. Unless and until the material misstatements and omissions (referenced below) are remedied before the anticipated shareholder vote on the Proposed Transaction, Whiting shareholders will be forced to make a voting decision on the Proposed Transaction without full disclosure of all material information. In the event the Proposed Transaction is consummated, Plaintiff may seek to recover damages resulting from Defendants' misconduct.

#### 1. Material Omissions Concerning Whiting's and Oasis' Financial Projections

22. The Registration Statement omits material information concerning Whiting's and Oasis' financial projections.

23. With respect to Whiting's and Oasis' financial projections, the Registration Statement fails to disclose: (1) all line items underlying the financial projections; and (2) a

7

reconciliation of all non-GAAP to GAAP metrics.

24. The disclosure of this information is material because it would provide the Company's shareholders with a basis to project the future financial performance of Whiting and the combined company and would allow shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion. Shareholders cannot hope to replicate management's inside view of the future prospects of the Company. Without such information, which is uniquely possessed by Defendant(s) and the Company's financial advisor, the Company's shareholders are unable to determine how much weight, if any, to place on the Company's financial advisor's fairness opinion in determining whether to vote for or against the Proposed Transaction.

25. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

### 2. Material Omissions Concerning Citi's Analyses

26. In connection with the Proposed Transaction, the Registration Statement omits material information concerning analyses performed by Citi.

27. With respect to Citi's "*Selected Public Companies Analyses*," the Registration Statement fails to disclose the individual multiples and financial metrics of each company observed in the analysis.

28. The Registration Statement fails to disclose the following concerning Citi's "*Net Asset Value Analyses*" of Whiting: (1) the individual inputs and assumptions underlying the discount rates used in the analysis; (2) the unlevered, pre-tax free cash flows that Whiting was forecasted to generate from Whiting's proved developed reserves, drilled uncompleted reserves and undeveloped reserves, and all underlying line items; (3) the estimated unlevered, pre-tax exploration expenses, non-drilling and completion capital expenditures, corporate expenses

and net hedge, and other gains and losses; (4) cash taxes based on projected taxable income and including certain business tax carryforward deductions; and (5) Whiting's estimated net debt as of January 31, 2022.

29. The Registration Statement fails to disclose the following concerning Citi's "*Net Asset Value Analyses*" of Oasis: (1) the individual inputs and assumptions underlying the discount rates used in the analysis; (2) the unlevered, pre-tax free cash flows that Oasis was forecasted to generate from Oasis' proved developed producing reserves and currently undeveloped resources, and all underlying line items; (3) Oasis' estimated unlevered, pre-tax non-drilling and completion capital expenditures, corporate expenses and net hedge and other gains and losses; (4) cash taxes based on Oasis E&P projected taxable income; (5) the market value of the Crestwood Units; and (6) Oasis' estimated net debt as of January 31, 2022.

30. The Registration Statement fails to disclose the following concerning Citi's analysis of analysts' price targets for Whiting common stock and Oasis common stock: (1) the individual price targets observed by Citi in its analysis; and (2) the sources thereof.

31. The Registration Statement fails to disclose the illustrative potential pro forma financial effect of the Proposed Transaction on Whiting's second half of fiscal year 2022 through 2026 estimated cash flow per share and estimated free cash flow per share.

32. The valuation methods, underlying assumptions, and key inputs used by Citi in rendering its purported fairness opinion must be fairly disclosed to the Company's shareholders. The description of Citi's fairness opinion and analyses, however, fails to include key inputs and assumptions underlying those analyses.

33. Without the information described above, the Company's shareholders are unable to fully understand Citi's fairness opinion and analyses, and are thus unable to determine how

9

much weight, if any, to place on them in determining whether to vote for or against the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

### 3. Material Omissions Concerning Potential Conflicts of Interest Involving Citi

34. The Registration Statement omits material information concerning potential conflicts of interest involving Citi.

35. The Registration Statement provides that "Citi and its affiliates in the past have provided, currently are providing and in the future may provide investment banking, commercial banking and other similar financial services to Whiting and Oasis unrelated to the merger, for which services Citi and its affiliates have received and expect to receive compensation[.]" The Registration Statement, however, fails to disclose the amount of compensation Citi received or expects to receive for providing such services within the past two years of the date of its fairness opinion.

36. Disclosure of a financial advisor's compensation and potential conflicts of interest to shareholders is required due to their central role in the evaluation, exploration, selection, and implementation of strategic alternatives and the rendering of any fairness opinions. Disclosure of a financial advisor's potential conflicts of interest may inform shareholders on how much weight to place on that analysis.

37. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

### 4. Material Omissions Regarding the Sales Process Leading Up to the Proposed Transaction

38. The Registration Statement omits material information concerning the sales process leading up to the Proposed Transaction.

39. The Registration Statement provides that, during the sales process, Whiting entered into non-disclosure agreements and confidentiality agreements with multiple potential buyers.

40. The Registration Statement, however, fails to disclose the relevant terms of such agreements, including whether such agreements contained standstill provisions with "don't ask, don't waive" (DADW) provisions (including their time of enforcement) that would preclude such interested parties from making superior offers for the Company.

41. Without this information, Whiting shareholders may have the mistaken belief that potential suitors are or were permitted to submit superior proposals for the Company, when in fact they are or were contractually prohibited from doing so. This information is material because a reasonable Whiting shareholder would want to know, prior to voting for or against the Proposed Transaction, whether other potential buyers are or were foreclosed from submitting a superior proposal.

42. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

5. **Material Omissions Concerning Company Insiders' Potential Conflicts of Interest**

43. The Registration Statement omits material information concerning potential conflicts of interest involving Company insiders.

44. The Registration Statement fails to disclose the details of all employment-related and compensation-related discussions and negotiations concerning the Company's officers and directors, including the parties to such communications, when they occurred, and the specific content discussed/communicated.

45. Any communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to shareholders. This information is

11

necessary for shareholders to understand potential conflicts of interest of management and the Board. Such information may illuminate the motivations that would prevent fiduciaries from acting solely in the best interests of the Company's shareholders.

46.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

### COUNT I
### For Violations of Section 14(a) and Rule 14a-9 Promulgated Thereunder
### Against All Defendants

47.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

48.     During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Registration Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder by the SEC.

49.     Each of the Individual Defendants, by virtue of his/her positions within the Company as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a) of the Exchange Act. Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Registration Statement with respect to the Proposed Transaction. The Defendants were, at minimum, negligent in filing the materially false and misleading Registration Statement.

50.     The false and misleading statements and omissions in the Registration Statement are material in that a reasonable shareholder would consider them important in deciding how to vote on the Proposed Transaction.

51. By reason of the foregoing, Defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

52. Because of the false and misleading statements and omissions in the Registration Statement, Plaintiff is threatened with irreparable harm.

## COUNT II
### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

53. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54. The Individual Defendants acted as control persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their senior positions as officers and/or directors of the Company and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the false and misleading Registration Statement.

55. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Registration Statement, and to correct promptly any public statements issued by the Company which were or had become materially false or misleading.

56. In particular, each of the Individual Defendants had direct and supervisory

involvement in the operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Individual Defendants were provided with or had unlimited access to copies of the Registration Statement and had the ability to prevent the issuance of the statements or to cause the statements to be corrected. The Registration Statement at issue contains the recommendation of the Individual Defendants to approve the Proposed Transaction. Thus, the Individual Defendants were directly involved in the making of the Registration Statement.

57.   In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Proposed Transaction. The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions which had input from the Individual Defendants.

58.   By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

59.   As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, the Company's shareholders will be irreparably harmed.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until Defendants disclose and disseminate the material information identified above to Company shareholders;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Declaring that Defendants violated Sections 14(a) and 20(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

E. Granting such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: May 17, 2022                                      Respectfully submitted,

**HALPER SADEH LLP**

/s/ Daniel Sadeh
Daniel Sadeh, Esq.
Zachary Halper, Esq. (to be admitted *pro hac vice*)
667 Madison Avenue, 5th Floor
New York, NY 10065
Telephone: (212) 763-0060
Facsimile: (646) 776-2600
Email: sadeh@halpersadeh.com
         zhalper@halpersadeh.com

*Counsel for Plaintiff*